UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENISHA BLACK, SONDRA GATHINGS,                          PLAINTIFFS
GWENDOLYN GRAY, CLELL O. McCURDY,
MELODY LAURY, and LAVONDA HART


V.                              CIVIL ACTION NO. 3:20-CV-00643-KHJ-LGI


MISSISSIPPI DEPARTMENT OF                                 DEFENDANT
REHABILITATION SERVICES

ORDER

Before the Court is Defendant Mississippi Department of Rehabilitation Services' ("MDRS") Motion to Dismiss [7]. For these reasons, the Court grants the motion.

I.    Facts and Procedural History

Plaintiffs Kenisha Black, Sondra Gathings, Gwendolyn Gray, Clell O. McCury, Melody Laury, and Lavonda Hart bring claims of race discrimination against MDRS under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Second. Am. Compl. [5] at 1. Besides their individual claims of race discrimination, Plaintiffs "allege a direct pattern of systematic discrimination against Black employees in general and Black females in particular by the Defendant [MDRS] in terms and conditions of their employment with Defendant." *Id.*, ¶ 37. The Court lays out each Plaintiff's individual allegations of race discrimination below.

A.     Kenisha Black

MDRS first hired Black as a DRS Counselor II in 2004. Second Am. Compl. [5], ¶ 10. She resigned, and MDRS rehired her in 2006 as a DRS Counselor III. *Id.* From 2008 to 2010, MDRS denied Black's applications for various benchmark awards and a place on the Office of Vocational Rehabilitation Program Regional Training Team ("OVR"). *Id.*, ¶¶ 11-14. In 2011, she interviewed for a Division Director job with the Regional 1 Manager for Lee County, who was white. *Id.*, ¶ 15. MDRS did not offer Black this position, but instead hired a white female. *Id.*

Also in 2011, "Black finally received her [Certified Rehabilitation Counselor ("CRC")]" after submitting her Personnel Transaction Form for Educational Benchmark for the third time. *Id.* The next year, she "received the Education Benchmark Award for Certificate of Completion from College of Direct Support." *Id.*, ¶ 16. Black applied for another Division Director[1] job, but MDRS again hired a white female instead of Black. *Id.*

After becoming a Licensed Professional Counsellor ("LPC") in 2013, Black applied for a Deputy Bureau Director for District 1 Manager position in Lafayette County, but MDRS hired another black female. *Id.*, ¶ 17. MDRS also denied Black's application for additional training to receive continuing education units. *Id.* She received an Education Benchmark Award for LPC the next year, but MDRS again denied her application for training. *Id.*, ¶ 18.

---

[1] The allegation reads that Black "applied for Division District," but the Court assumes this is a typo. Second Am. Compl. [5], ¶ 16.

2

MDRS promoted Black to Bureau Director Deputy for Lafayette County in 2015. *Id.*, ¶ 19. The next year, she applied for Bureau Director II, but MDRS hired a white female. *Id.*, ¶ 20. In 2017, she completed a Certified Public Manager Level I course, but MDRS denied her application enrollment in the Certified Public Manager Level II course. *Id.*, ¶ 21.

Later that year, Black complained to her immediate supervisor, the OVR Director, and the Human Resources Director about a subordinate white male's racial statements. *Id.*, ¶ 22. Black alleges this employee made similar statements the next month, but Human Resources failed to "follow up." *Id.* This subordinate was transferred to another district three months later. *Id.* Also in 2017, MDRS said it would provide each district with an agency van, but Black never received one. *Id.*, ¶ 23.

In 2018, Black applied and interviewed for Bureau Director II – Region 1 Manager of Lee County. *Id.*, ¶ 24. MDRS did not send her a non-selection letter until the next year, informing her that it had chosen another candidate—a white male coworker who Black alleges "was less qualified." *Id.*, ¶ 25.

Black later received a memorandum in July 2019, informing her that a new Deputy Administrator position had become available, but a white male coworker had filled it. *Id.* The next month, MDRS sent another memorandum stating that it had promoted Carol Elrod, a white female who Black alleges was less qualified, to OVR Director of Client Services, despite previous disciplinary actions. *Id.*, ¶¶ 26, 29. MDRS did not inform Black about this open position before hiring Elrod. *Id.*, ¶ 29.

3

Black filed a Charge of Discrimination ("EEOC Charge") with the Equal Employment Opportunity Commission ("EEOC"). [5-1] at 1. In her EEOC Charge, she states MDRS "made a promotion to fill a vacant OVR Director of Client Services position. The position was never posted; therefore, [she] was not aware and unable to apply." *Id.* She also claims MDRS discriminated against her on the basis of race and "[a] white female was selected for the position, who is lesser or no more qualified than [she is]." *Id.* Black does not attach an EEOC Dismissal and Notice of Rights to the Amended Complaint.

B.      Sondra Gathings

MDRS hired Gathings in February 2008 as a Counselor Assistant. Second Am. Compl. [5], ¶ 27. It later promoted her to Counselor and then to District Manager. *Id.* MDRS also failed to inform Gathings about the position that Carol Elrod, who Gathings alleges is less qualified than her, filled. *Id.*, ¶ 28. Gathings also claims MDRS paid her "disparate wages relative to similarly situated employees." *Id.*

Gathings filed an EEOC Charge claiming MDRS "made a promotion to fill a vacant OVR Director of Client Services position. The position was never posted; therefore, [she] was not aware and unable to apply." [5-1] at 2. She also claims MDRS discriminated against her on the basis of race and "[a] white female was selected for the position, who is lesser or no more qualified than [she is]." *Id.* Gathings later filed another EEOC Charge. *Id.* at 3-4 In that charge, she expounds on her allegations that Carol Elrod was less qualified than her, detailing Elrod's

4

previous disciplinary actions. *Id.* Gathings' EEOC Charge makes no allegation of disparate wages. *Id.* at 2-4. Gathings also does not attach an EEOC Dismissal and Notice of Rights to the Amended Complaint.

    C.    Gwendolyn Gray and Clell McCurdy

MDRS employs Gray as a Counselor III (Career Counselor) and McCurdy as a Counselor III (Transition Counselor). Second Am. Compl. [5], ¶¶ 30, 31. Both Gray and McCurdy have Master's degrees. *Id.* Gray and McCurdy claim that MDRS pays John Williamson, a white coworker hired after them as a Counselor II (Transition Counselor), a larger wage. *Id.* MDRS allegedly pays Williamson on the higher wage band for a Performance Auditor, even though he is employed as a Transition Counselor. *Id.* Gray and McCurdy allege Williamson is not qualified for a Performance Auditor I position because he does not have a Master's degree or one year of experience. *Id.* Gray and McCurdy claim Williamson is being paid for a position with a higher wage rate than them because he is white and they are black. *Id.* Though neither attach an EEOC Charge to the Second Amended Complaint, they do each attach an EEOC Dismissal and Notice of Rights to the Amended Complaint. [5-2] at 3-4.

    D.    Melody Laury

MDRS hired Laury in December 2012 as a Vocational Rehabilitation Counselor. Second Am. Compl. [5], ¶ 32. Laury alleges that MDRS pays a white male coworker with identical job functions with less experience and educational

qualifications a "substantially higher wage." *Id.* Laury brought these allegations in an EEOC Charge claiming both race and sex discrimination. [5-6].

E. Lavonda Hart

MDRS has employed Hart since 1987, most recently as the Director of Office of Vocational Rehabilitation. Second. Am. Compl. [5], ¶ 34. On July 1, 2019, MDRS' Executive Director Chris Howard informed Hart that MDRS promoted Kevin Bishop, the white male Director of Client Services, to the newly-created position of Deputy Administrator Workforce Programs. *Id.* MDRS did not advertise this new position or allow Hart to apply. *Id.*, ¶ 35.

Before his promotion, Bishop directly or indirectly reported to Hart for ten years. *Id.* But Bishop became Hart's direct supervisor when MDRS promoted him to Deputy Administrator. *Id.* Bishop has only a Bachelor's degree and less than two years' experience as Director of Client Services. *Id.*, ¶ 36. In comparison, Hart has a Master's degree and has served as Director of Office of Vocational Rehabilitation since 2013. *Id.* Hart "asserts that she was not promoted because of her race (Black) and sex (female)." *Id.*

Hart brought these allegations in an EEOC Charge. [5-4] at 1. The EEOC issued her a Dismissal and Notice of Rights. [5-3].

II. Standard

MDRS brings its motion under Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion under Rule 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v.*

*MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)) (alteration omitted). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

III.  Analysis

MDRS asks the Court to dismiss all claims of race discrimination under Title VII for which Plaintiffs did not file an EEOC Charge for failure to administratively exhaust. Memo. in Supp. [8] at 5-7. It also contends Plaintiffs otherwise fail to state a claim for a pattern or practice of race discrimination under Title VII. *Id.* at 7-9. The Court addresses each argument below.

A.  Exhaustion

MDRS argues Plaintiffs exhausted their Title VII claims only as to the allegations in their respective EEOC Charges. MDRS contends the following discrete claims of discrimination under Title VII are before the Court: (1) Black and Gathings' claim about Elrod's promotion to OVR Director of Client Services; (2) Gray and McCurdy's claim that MDRS paid them less than Williamson; (3) Hart's

claim that MDRS promoted Bishop over her; and (4) Laury's disparate wage claim compared to an unidentified white coworker. Memo. in Supp. [8] at 6. The only other allegations in the Second Amended Complaint are Black's and Gathings' allegations unrelated to MDRS's promotion of Elrod.[2] [5], ¶¶ 10-24, 28. Plaintiffs argue the Court can consider all their allegations as a continuing violation.

Before filing an action under Title VII, 42 U.S.C. § 2000e-5(e)(1) requires plaintiffs "to exhaust their administrative remedies by filing a charge of discrimination to the [EEOC] within 180 days of the alleged discrimination." *Davis v. Fort Bend Cty.*, 893 F.3d 300, 303 (5th Cir. 2018). Failure to file an EEOC Charge within the required time bars a plaintiff from relief. *Id.* at 305-07.

Neither Black nor Gathings presented any claims to the EEOC about discriminatory acts other than Elrod's promotion. *See* [5-1]. Though Plaintiffs contend MDRS's discriminatory conduct is actionable under Title VII as a continuing violation, this doctrine applies only to hostile work environment claims, which "are different in kind from discrete acts . . . [because] [t]heir very nature involves repeated conduct." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). Plaintiffs do not allege that they experienced a hostile work environment in violation of Title VII, *see* [5], ¶¶ 38-42 (alleging only adverse employment actions on the basis of race), and therefore cannot include any discriminatory conduct against

---

[2] MDRS does not discuss in its Motion [7] and Memorandum in Support [8], and the Court does not decide, whether these allegations are before the Court on Plaintiffs' § 1981 claims. To the extent that MDRS raises this argument in its Reply [19], those arguments are not properly before the Court. *See Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016) ("Reply briefs cannot be used to raise new arguments.") (citation omitted).

Black or Gathings unrelated to Elrod's promotion under their Title VII claims of race discrimination. The Court grants MDRS's motion on this issue.

B.    Title VII Pattern or Practice of Discrimination Claim

MDRS also argues Plaintiffs failed to allege facts to support their Title VII claim for "a direct pattern of systematic discrimination." Memo. in Supp. [8] at 7-9.[3] Plaintiffs state they are seeking class relief and that their individual allegations are enough to show a pattern of discrimination. Memo. in Opp. [18] at 13-14.

The Court first notes Plaintiffs do not plead an action on behalf of any purported class. *See* Second Am. Compl. [5]. Instead, Plaintiffs are six individuals bringing claims of discrimination on their own behalf and seeking relief for themselves, not for any purported class of similarly-situated individuals. *Id.* at 9-10. Any arguments that Plaintiffs seek class relief are unavailing. Nor do Plaintiffs have standing to bring individual Title VII claims for a pattern or practice of discrimination. Pattern-or-practice claims under Title VII can be brought only in a suit by the government or in a class action suit. *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 360 (1977) ("The plaintiff in a pattern-or-practice action is the Government."); *Equal Emp't Opportunity Comm'n v. Bass Pro Outdoor World, L.L.C.*, 826 F.3d 791, 797 (5th Cir. 2016) (holding that the *Teamsters* pattern-or-practice framework can be applied to class actions). Because Plaintiffs are not the Government and do not bring a class action against MDRS, the Court

---

[3] MDRS does not discuss, nor does the Court decide, whether Plaintiffs properly pleaded a § 1981 pattern or practice claim. To the extent that MDRS raises this argument in its Reply [19], those arguments are not properly before the Court. *See Hollis*, 827 F.3d at 451 ("Reply briefs cannot be used to raise new arguments.") (citation omitted).

9

finds their pattern-or-practice claim under Title VII must fail. The Court grants MDRS' motion as to this claim.

IV.  Conclusion

The Court has considered all the arguments the parties set forth. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court GRANTS MDRS's Motion to Dismiss [7]. Plaintiffs' pattern-and-practice claim under Title VII and any Title VII claim brought by Plaintiffs Kenisha Black and Sondra Gathings for actions unrelated to MDRS's promotion of Carol Elrod are DISMISSED WITH PREJUDICE.

SO ORDERED AND ADJUDGED this the 14th day of May, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE